UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JOE CASTRO,<br>           Petitioner,<br>   v.<br>JOE A. LIZARRAGA, Warden,<br>           Respondent. | Case No. 5:14-cv-04284-PSG<br><br>**ORDER TO SHOW CAUSE** |

    Manuel Joe Castro, a state prisoner proceeding with the assistance of counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Castro has paid the filing fee.[2] The court orders Respondent Joe A. Lizarraga to show cause why the petition should not be granted based on Castro's cognizable claims.

**I.**

    Castro was convicted in state court after a jury found him guilty of three counts of Cal. Penal Code § 288(a), lewd acts upon a minor under the age of 14, involving two victims.[3] He was sentenced to three concurrent terms of 15 years to life in prison.[4] The Court of Appeal for the First Appellate District affirmed his conviction, and the California Supreme Court denied review.[5]

---

[1] *See* Docket No. 1.

[2] *See id.*

[3] *See id.* at ¶ 1.

[4] *See id.*

[5] *See id.* at ¶ 2.

1

Case No. 5:14-cv-04284-PSG
ORDER TO SHOW CAUSE

Castro states that he has exhausted his state remedies.[6]

**II.**

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[7]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[8] Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.[9]

**III.**

Castro claims that (1) he was not properly advised of his rights prior to the commencement of his custodial interrogation in violation of *Miranda v. Arizona*;[10] (2) his confession was obtained in violation of his assertion of his right to remain silent, guaranteed by the Fifth and Fourteenth Amendments; (3) his confession was obtained in violation of his assertion of his right to counsel, guaranteed by the Sixth and Fourteenth Amendments; (4) his confession was involuntary, in violation of his Fifth and Fourteenth Amendment rights to remain silent and to due process; and (5) introduction of his confession at trial was prejudicial.[11] When liberally construed, these claims are cognizable, and the court orders Lizarraga to show cause why the petition should not be

---

[6] *See id.* at ¶ 52.

[7] 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[8] 28 U.S.C. § 2243.

[9] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

[10] 384 U.S. 436 (1966).

[11] *See* Docket No. 1 at ¶¶ 48-51.

2
Case No. 5:14-cv-04284-PSG
ORDER TO SHOW CAUSE

granted as to these claims.

## IV.

The Clerk shall serve a copy of this order, the petition with all attachments and a magistrate judge jurisdiction consent form on Lizarraga and Lizarraga's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Castro.

Lizarraga shall file with the court and serve on Castro, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Lizarraga shall file with the answer and serve on Castro a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Castro wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Lizarraga within 30 days of the date the answer is filed.

Lizarraga may filed a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within 60 days of the date this order is filed. If Lizarraga files such a motion, Castro shall file with the court and serve on Lizarraga an opposition or statement of non-opposition within 28 days of the date the motion is filed, and Lizarraga shall file with the court and serve on Castro a reply within 14 days of the date any opposition is filed.

It is Castro's responsibility to prosecute this case. Castro is reminded that all communications with the court must be served on Lizarraga by serving a true copy of the document to Lizarraga's counsel. Castro must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

1 | **SO ORDERED.**

2 | Dated: December 11, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge